UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DANIEL TODD** | **CIVIL DOCKET NO. 1:25-cv-00047** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **SECURITY SPORTING GOODS, INC** | **MAGISTRATE JUDGE PEREZ MONTES** |

### MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

*MAY IT PLEASE THE COURT:*

Defendant, Security Sporting Goods, Inc. ("SSG"), respectfully submits this Memorandum in Support of its Motion to Set Aside the Entry of Default entered on May 28, 2025 (R. 18), pursuant to Federal Rule of Civil Procedure 55(c). Defendant transitioned counsel and retained undersigned, who were permitted to enroll by this Court on June 12, 2025, and who are prepared to respond to Plaintiff's claims. The default was not willful, setting aside the default would not prejudice Plaintiff, and SSG's defense is meritorious.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) allows a court to relieve a party from an entry of default for good cause. "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"[1] Thus, "where there are no intervening equities any doubt

---

[1] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Mason & Hanger—Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)).

1

should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."[2] "Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default."[3] While a motion to set aside an entry of default is similar to a motion to set aside a default judgment under Rule 60(b), the Fifth Circuit has stated that a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment."[4]

To determine whether good cause to set aside a default exists, courts generally consider (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented.[5] Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default."[6]

## II. ARGUMENT

### A. The Default Was Not Willful

The entry of default against SSG resulted from a transition in legal representation—not from any intent to delay or evade judicial process. The undersigned enrolled on **June 12, 2025**, just two weeks after the Entry of Default. Prior to enrollment, former counsel for SSG communicated with Plaintiff's counsel and confirmed that SSG intended to file responsive pleadings and resolve any procedural deficiencies promptly.

---

[2] *Id.*

[3] *Hancock Bank v. Oller*, CV 14-1300, 2016 WL 301695, at *4 (E.D. La. Jan. 25, 2016).

[4] *Id.* (citing *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir.2008)).

[5] *Id.*; *see also Lacy v. Sitel Corp.*, 227 F.3d at 292.

[6] *Id.* (citing *Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir.1992)).

2

Courts have found no willfulness where a party's failure to respond is due to excusable neglect or inadvertent error.[7] Here, Defendant's default was not willful, but rather was the result of inadvertent error as Defendant transitioned between counsel. Both prior counsel and the undersigned have been in communication with Plaintiff's counsel, and undersigned have confirmed a prompt answer shall be (and already was) filed upon the setting aside of default.

### B. Plaintiff Will Not Be Prejudiced

"[C]ourts have found that when defendants move to set aside default early on in litigation, plaintiffs likely will not suffer prejudice if the default is set aside."[8] There is no indication that Plaintiff will suffer any prejudice if the default is set aside. Plaintiff offered an extension for Defendant to file responsive pleadings in this matter after new counsel was retained, upon which Plaintiff agreed not to confirm the default in this case. Further, mere delay is insufficient to constitute prejudice.[9] Plaintiff will have a full opportunity to litigate the case on the merits, and Defendant is fully prepared to answer the suit (*See* Doc. 24).

---

[7] *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (holding that "willful" should be defined according to rule 60(b)'s excusable neglect standard); *Sea Horse Marine Inc. v. Black Elk Energy Offshore Operations, L.L.C.,* CIV.A. 15-1082, 2015 WL 4079831, at *3 (E.D. La. July 6, 2015) (setting aside entry of default due to "inadvertent error"); *Buckley v. Donohue Indus. Inc.*, 100 Fed.Appx. 275, 278 (5th Cir.2004) (finding that district court did not abuse its discretion in setting aside default where default was "inadvertent and anomalous").

[8] *Sea Horse Marine Inc.,* CIV.A. 15-1082, 2015 WL 4079831, at *4 (citing *Lambert v. Bd. of Comm'rs of the Orleans Levee District,* No. 05–5931, 2006 WL 1581262, at *3 (E.D. La. June 7, 2006)).

[9] *Lacy,* 227 F.3d at 293.

**C. Defendant Has Meritorious Defenses**

"[U]nder a Rule 55(c) analysis, likelihood of success is not the measure of whether a meritorious defense is presented."[10] Rather, "Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense. In fact, even 'broad and conclusory' allegations meet the meritorious defense criterion for setting aside an entry of default."[11] "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[12]

Defendant filed responsive pleadings that raise substantial factual and legal defenses. Doc. 24. Contrary to Plaintiff's Petition, Defendant's property has three handicap-accessible parking spaces, a ramp of proper width, and is fully compliant with handrail requirements. Defendant's property is thus fully accessible as required by both 42 U.S.C. 12181 *et. seq.* and La. R.S. 51:2231 *et. seq.*, and Plaintiff's claims have no merit.

**III. CONCLUSION**

For the foregoing reasons, Defendant, Security Sporting Goods, LLC, respectfully requests that the Court grant its Motion to Set Aside the Entry of Default and permit Defendant to file responsive pleadings.

---

[10] *Hancock Bank v. Oller*, 2016 WL 301695, at *6 (citing *Sea Horse Marine Inc.*, 2015 WL 4079831, at *4).

[11] *Id.* (citing *Howard v. United States*, No. 93-1520, 1993 WL 353506, at *3 (E.D. La. Sept. 8, 1993).

[12] *In re OCA*, 551 F.3d 359, 373 (5th Cir. 2008).

Respectfully submitted,

**FAIRCLOTH MELTON BASH & GREEN, LLC**

By:    */s/ Jaidyn Meyers*
     Barbara Bell Melton (#27956) (T.A.)
     bmelton@fairclothlaw.com
     Mandy Simon (#33373)
     msimon@fairclothlaw.com
     Jaidyn W. Meyers (#41349)
     jmeyers@fairclothlaw.com
     105 Yorktown Drive
     Alexandria, LA 71303
     Phone: (318) 619-7755
     Fax: (318) 619-7744

     Emily R. Fruge (#40367)
     efruge@fairclothlaw.com
     Telephone: (225) 343-9535

**ATTORNEYS FOR SECURITY SPORTING GOODS, INC.**